**KONING ZOLLAR LLP**
Drew Koning (Bar No. 263082)
(drew@kzllp.com)
Blake Zollar (Bar No. 268913)
(blake@kzllp.com)
Shaun Paisley (Bar No. 244377)
(shaun@kzllp.com)
2210 Encinitas Blvd, Ste. S
Encinitas, CA  92024
Telephone:   (858) 252-3234
Facsimile:    (858) 252-3238

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLBY LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERTRUST TECHNOLOGIES CORPORATION, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Dolby Laboratories, Inc. ("Dolby"), by its attorneys, files this Complaint against Defendant Intertrust Technologies Corporation. ("Intertrust") and hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment seeking declarations of non-infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises from Intertrust's assertion of U.S. Patent Nos. 6,157,721, entitled "Systems And Methods Using Cryptography To Protect Secure Computing Environments" (the "'721 Patent"); 6,640,304, entitled "Systems And Methods For Secure Transaction Management And Electronic Rights Protection" (the "'304 Patent"); 6,785,815, entitled "Methods And Systems For Encoding And Protecting Data Using Digital Signature And Watermarking Techniques" (the "'815 Patent"); 7,340,602, entitled "Systems and Methods For Authenticating And Protecting The Integrity Of Data Streams And Other Data" (the "'602 Patent"); 7,406,603, entitled "Data Protection Systems and Methods" (the "'603 Patent"); 7,694,342, entitled "Systems and Methods for Managing and Protecting Electronic Content and Applications" (the "'342 Patent"); 8,191,157, entitled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection" (the "'157 Patent"); 8,191,158, entitled "Systems and Methods for Secure Transaction Management and Electronic Rights Protection" (the "'158 Patent"); 8,526,610, entitled "Methods and Apparatus for Persistent Control and Protection of Content" (the "'610 Patent"); 8,931,106, entitled "Systems and Methods for Managing and Protecting Electronic Content and Applications" (the "'106 Patent"); and 9,569,627, entitled "Systems and Methods for Governing Content Rendering, Protection, and Management Applications" (the "'627 Patent") (collectively, the "Patents-in-Suit"). Dolby asserts claims for declaratory judgment of non-infringement of the Patents-in-Suit.

## PARTIES

3. Plaintiff Dolby is a California corporation having its principal place of business at 1275 Market Street, San Francisco, California 94103. Dolby is a global leader in the design, development, and distribution of audio and video solutions.

4.     On information and belief, Defendant Intertrust is a corporation existing under the laws of the State of Delaware having its principal place of business at 920 Stewart Drive, Suite 100, Sunnyvale, California 94085.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Intertrust in this District.  Upon information and belief, Intertrust has its principal place of business in this District.

7.     Upon information and belief, Intertrust, directly or through its agents, has regularly conducted business activities in California and this action arises out of and relates to activities that Intertrust has purposefully directed at California and this District.  Among other things, Intertrust purposefully directed allegations of patent infringement to Dolby in this District by directing communications to Dolby and meeting with Dolby in this District, and in such communications and meeting, alleging that Dolby infringes one or more claims of the Patents-in-Suit.

8.     Venue is proper in this judicial district based on 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. §1400(b).

## INTRADISTRICT ASSIGNMENT

9.     This case is an Intellectual Property Action under Civil Local Rule 3-2(c) and, pursuant to Civil Local Rule 3-5(b), shall be assigned on a district-wide basis.

## FACTUAL ALLEGATIONS

## THE PATENTS-IN-SUIT

10.     The '721 Patent states on its cover that it was issued on December 5, 2000 to named inventors Victor H. Shear of Bethesda, Maryland; W. Olin Sibert of Lexington, Massachusetts; and David V. Van Wie of Sunnyvale, California.  The '721 Patent also states that the initial assignee of the '721 Patent was InterTrust Technologies Corp. of Santa Clara, California.  A true and correct copy of the patent is attached to this Complaint as Exhibit 1.

11. The '304 Patent states on its cover that it was issued on October 28, 2003 to named inventors Karl L. Ginter of Beltsville, Maryland; Victor H. Shear of Bethesda, Maryland; Francis J. Spahn of El Cerrito, California and David V. Van Wie of Eugene, Oregon. The '304 Patent also states that the initial assignee of the '304 Patent was InterTrust Technologies Corporation of Santa Clara, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 2.

12. The '815 Patent states on its cover that it was issued on August 31, 2004 to named inventors Xavier Serret-Avila of Santa Clara, California and Gilles Boccon-Gibod of Los Altos, California. The '815 Patent also states that the initial assignee of the '815 Patent was InterTrust Technologies Corp. of Santa Clara, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 3.

13. The '602 Patent states on its cover that it was issued on March 4, 2008 to named inventor Xavier Serret-Avila of Santa Clara, California. The '602 Patent also states that the initial assignee of the '602 Patent was InterTrust Technologies Corp. of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 4.

14. The '603 Patent states on its cover that it was issued on July 29, 2008 to named inventors Michael K. MacKay of Los Altos, California; W. Olin Sibert of Lexington, Massachusetts; Richard A. Landsman of Scotts Valley, California; Eric J. Swenson of Santa Cruz, California and William Hunt of Walnut Creek, California. The '603 Patent also states that the initial assignee of the '603 Patent was InterTrust Technologies Corp. of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 5.

15. The '342 Patent states on its cover that it was issued on April 6, 2010 to named inventors David P. Maher of Livermore, California; James M. Rudd of San Francisco, California; Eric J. Swenson of Santa Cruz, California and Richard A. Landsman of Scotts Valley, California. The '342 Patent also states that the initial assignee of the '342 Patent was InterTrust Technologies Corp. of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 6.

16. The '157 Patent states on its cover that it was issued on May 29, 2012 to named inventors Karl L. Ginter of Beltsville, Maryland; Victor H. Shear of Bethesda, Maryland; Francis J.

Spahn of El Cerrito, California and David V. Van Wie of Sunnyvale, California. The '157 Patent also states that the initial assignee of the '157 Patent was InterTrust Technologies Corporation of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 7.

17.  The '158 Patent states on its cover that it was issued on May 29, 2012 to named inventors Karl L. Ginter of Beltsville, Maryland; Victor H. Shear of Bethesda, Maryland; Francis J. Spahn of El Cerrito, California and David V. Van Wie of Eugene, Oregon. The '158 Patent also states that the initial assignee of the '158 Patent was InterTrust Technologies Corporation of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 8.

18.  The '610 Patent states on its cover that it was issued on September 3, 2013 to named inventors Talal G. Shamoon of Palo Alto, California; Ralph D. Hill of Los Gatos, California; Chris D. Radcliffe of Redwood City, California; John P. Hwa of Fremont, California; W. Olin Sibert of Lexington, Massachusetts and David V. Van Wie of Eugene, Oregon. The '610 Patent also states that the initial assignee of the '610 Patent was InterTrust Technologies Corporation of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 9.

19.  The '106 Patent states on its cover that it was issued on January 6, 2015 to named inventors David P. Maher of Livermore, California; James M. Rudd of San Francisco, California; Eric J. Swenson of Santa Cruz, California and Richard A. Landsman of Scotts Valley, California. The '106 Patent also states that the initial assignee of the '106 Patent was InterTrust Technologies Corporation of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 10.

20.  The '627 Patent states on its cover that it was issued on February 14, 2017 to named inventors Michael K. MacKay of Livermore, California and David P. Maher of Livermore, California. The '627 Patent also states that the initial assignee of the '627 Patent was InterTrust Technologies Corporation of Sunnyvale, California. A true and correct copy of the patent is attached to this Complaint as Exhibit 11.

## DISPUTE BETWEEN DOLBY AND
## INTERTRUST CONCERNING THE PATENTS-IN-SUIT

21. Doremi Labs, Inc. was a leading developer and manufacturer of digital cinema servers founded in 1985 in Burbank, California.

22. On October 31, 2014, Dolby acquired Doremi Technologies LLC ("Doremi"), a privately held company, and certain assets related to the business of Doremi from Doremi Labs, Inc. and Highlands Technologies SAS.

23. Prior to the acquisition of Doremi, Dolby sold Dolby branded media server products. Since the acquisition, Dolby has sold both Dolby and Doremi branded products.

24. On information and belief, in or around April of 2018, Intertrust, by its attorney, directed communications (the "Intertrust Assertion Letters") to Dolby customers alleging that the customers were infringing the Patents-in-Suit by rendering movies using unlicensed digital projection equipment compliant with requirements set forth by Digital Cinema Initiatives, LLC ("DCI"), such as in the Digital Cinema System Specification ("DCSS").

25. Subsequent to contacting Dolby's customers, Intertrust directed communications to Dolby regarding the Patents-in-Suit, including communications relating to patent royalties based on both Dolby's Doremi and Dolby branded DCI compliant media server products as used in digital cinema applications (collectively, the "Dolby Accused Products"). Dolby's Doremi and Dolby branded DCI compliant media server products include, for example, the ShowVault/IMB, IMS1000, IMS2000, IMS3000, DSS100/DSP100, DSS200, and DCP2000.

26. Dolby communicated to Intertrust that it did not agree that compliance with the DCI specification showed infringement of Intertrust's patents. Dolby further responded to Intertrust concurrent with this filing that, among other things, Dolby does not infringe the Patents-in-Suit, and that Dolby declines to take a license.

27. In the past, Intertrust has initiated litigation asserting at least some of the Patents-in-Suit. On March 20, 2013, Intertrust filed a complaint (Case No. 4:13-cv-01235) in the District Court for the Northern District of California against Apple Inc. ("Apple") for patent infringement alleging that Apple products infringe, among other patents, the '721, '157, and '158 Patents.

28. Accordingly, an actual and justiciable controversy exists between Dolby and Intertrust concerning whether Dolby infringes one or more claims of any of the Patents-in-Suit. Dolby now seeks a declaratory judgment that Dolby does not infringe the claims of the Patents-in-Suit.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '721 PATENT

29. This is a claim for declaratory judgment of non-infringement of the '721 Patent. The allegations of Paragraphs 1 through 28 above are repeated as though fully set forth herein.

30. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '721 Patent.

31. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '721 Patent.

## SECOND CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '304 PATENT

32. This is a claim for declaratory judgment of non-infringement of the '304 Patent. The allegations of Paragraphs 1 through 31 above are repeated as though fully set forth herein.

33. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '304 Patent.

34. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '304 Patent.

## THIRD CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '815 PATENT

35. This is a claim for declaratory judgment of non-infringement of the '815 Patent. The allegations of Paragraphs 1 through 34 above are repeated as though fully set forth herein.

36. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '815 Patent.

37. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '815 Patent.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '602 PATENT

38. This is a claim for declaratory judgment of non-infringement of the '602 Patent. The allegations of Paragraphs 1 through 37 above are repeated as though fully set forth herein.

39. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '602 Patent.

40. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '602 Patent.

## FIFTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '603 PATENT

41. This is a claim for declaratory judgment of non-infringement of the '603 Patent. The allegations of Paragraphs 1 through 40 above are repeated as though fully set forth herein.

42. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '603 Patent.

43. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '603 Patent.

## SIXTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '342 PATENT

44. This is a claim for declaratory judgment of non-infringement of the '342 Patent. The allegations of Paragraphs 1 through 43 above are repeated as though fully set forth herein.

45. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '342 Patent.

46. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '342 Patent.

## SEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '157 PATENT

47. This is a claim for declaratory judgment of non-infringement of the '157 Patent. The allegations of Paragraphs 1 through 46 above are repeated as though fully set forth herein.

48. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '157 Patent.

49. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '157 Patent.

## EIGTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '158 PATENT

50. This is a claim for declaratory judgment of non-infringement of the '158 Patent. The allegations of Paragraphs 1 through 49 above are repeated as though fully set forth herein.

51. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '158 Patent.

52. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '158 Patent.

## NINTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '610 PATENT

53. This is a claim for declaratory judgment of non-infringement of the '610 Patent. The allegations of Paragraphs 1 through 52 above are repeated as though fully set forth herein.

54. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '610 Patent.

55. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '610 Patent.

## TENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '106 PATENT

56. This is a claim for declaratory judgment of non-infringement of the '106 Patent. The allegations of Paragraphs 1 through 55 above are repeated as though fully set forth herein.

57. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '106 Patent.

58. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '106 Patent.

## ELEVENTH CLAIM FOR RELIEF

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '627 PATENT

59. This is a claim for declaratory judgment of non-infringement of the '627 Patent. The allegations of Paragraphs 1 through 58 above are repeated as though fully set forth herein.

60. Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '627 Patent.

61. Dolby is entitled to a judicial declaration and order that it does not infringe and has not infringed any claim of the '627 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Dolby respectfully requests this Court grant the following relief:

A. Declaratory judgment that Dolby is not infringing and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any valid and enforceable claim of each of the Patents-in-Suit;

B. Order preliminarily and permanently enjoining Intertrust, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against Dolby or its customers, potential customers, or users of the Dolby Accused Products, any charge of infringement of any valid and enforceable claims of the Patents-in-Suit;

C. Order awarding Dolby its reasonable and necessary attorneys' fees, expenses, and costs, and prejudgment interest thereon; and

D. Order granting to Dolby such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Dolby demands a trial by jury on all issues so triable in this action.

Date: June 13, 2019          Respectfully submitted,

By: */s/ Drew Koning*
KONING ZOLLAR LLP
Drew Koning (263082)
Blake Zollar (268913)
Shaun Paisley (244377)

*Attorneys for Plaintiff*
DOLBY LABORATORIES, INC