1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 DOLBY LABORATORIES, INC.,                    Case No. 19-cv-03371-EMC

8              Plaintiff,

9       v.                                     **ORDER RE MOTIONS TO FILE
                                               UNDER SEAL**
10 INTERTRUST TECHNOLOGIES                     Docket Nos. 31, 40, 44, 57
   CORPORATION,
11
                Defendant.
12

13        The Court has reviewed the parties' joint report regarding sealing. *See* Docket No. 57.

14 Based on that report, the Court hereby orders as follows.

15        (1)    The motion to seal at Docket No. 31 is denied as moot. The parties have agreed

16               that sealing is not necessary. Dolby is ordered to publicly file all documents (or

17               portions thereof) that were subject to that motion.

18        (2)    The motion to seal at Docket No. 40 is denied as moot. The parties have agreed

19               that sealing is not necessary. Intertrust is ordered to publicly file all documents (or

20               portions thereof) that were subject to that motion.

21        (3)    The motion to seal at Docket No. 44 is granted in part and denied in part. The

22               parties have agreed that sealing is not necessary with respect to the reply brief;

23               therefore, to that extent, the motion to seal is denied as moot, and Intertrust is

24               ordered to publicly file its reply brief. Intertrust, however, has still asked that

25               Exhibit 1 to the Kaericher Reply Declaration be filed under seal. Dolby does not

26               oppose. Given the parties' agreement, and the fact that the specifics of the

27               document were not material to the Court's order, the Court is willing to seal at this

28               time but reserves the right to right to revisit the issue, if necessary. This ruling

does not mean that any infringement analysis by either party moving forward is necessarily subject to sealing.

(4)    Where a party is ordered to make a public filing, it shall do so promptly upon receipt of this order.

(5)    Finally, the parties have agreed that no portion of the Court's order of November 6, 2019, need be sealed. Accordingly, the Court shall publicly file the order forthwith.

This order disposes of Docket Nos. 31, 40, and 44.

**IT IS SO ORDERED**.

Dated: November 13, 2019

_____

EDWARD M. CHEN
United States District Judge