UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLBY LABORATORIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INTERTRUST TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No. 19-cv-03371-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ADMINISTRATIVE RELIEF TO FILE (1) MOTION FOR SUMMARY JUDGMENT AND (2) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket Nos. 146-47 |

Dolby has filed a Motion for Administrative Relief to File a Motion for Summary Judgment of Non-Infringement for the '602 Patent and Motion for Administrative Relief to File a Motion for Judgment on the Pleadings of Invalidity under 35 U.S.C. § 101 for the '721, '304, '158, '106, '627 and '603 Patents. For the reasons stated herein, the motions are **DENIED**.

## I. FACTUAL & PROCEDURAL BACKGROUND

On June 13, 2019, Dolby filed a Complaint against Intertrust seeking declaratory judgment of non-infringement of ten patents. Docket No. 1. Intertrust then filed an answer and counterclaims for infringement of the Patents-in-suit. Docket No. 63. Around the same time, Intertrust sued three of Dolby's customers in the Eastern District of Texas, asserting infringement of the same patents. Docket No. 139 at 2. Dolby counterclaimed, asserting that the Patents were invalid under 35 U.S.C. §§ 102 and 103. Docket No. 63. Dolby filed several petitions for IPRs, and the U.S. Patent and Trademark Office ("USPTO") Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings for eight of the ten Intertrust patents. Docket No. 146 ("Mot. 1") at 1.

On April 13, 2021, after the institution of those IPR proceedings, Dolby and Intertrust filed

1    a joint stipulation to narrow and stay the case, which was granted the next day.  Docket No. 143

2    ("Order") at 2–4.  Three of the ten patents at issue were dismissed with prejudice, and only seven

3    patents remain at issue in this case.  *Id.*  Out of the seven remaining patents, five Patents were

4    granted IPR review (the '721, '304, '158, '106 and '627 Patents), and two were denied review (the

5    '602 and '603 Patents).  *Id.*

6        The parties stipulated that the stay would extend until the last of the final written decisions

7    in the PTAB proceedings, anticipated to be released in February 2022.  Docket 142 ("Stip.") at 4;

8    Docket No. 148 ("Opp'n 1") at 2.  The parties also stipulated that each party may seek leave from

9    the Court to file motions for summary judgment or judgment on the pleadings with respect to any

10   issues not addressed in the IPR proceedings.  Stip. at 1–2.  The parties also reserved the right to

11   oppose any such motions.  *Id.*

12       On October 13, 2021, the PTAB issued final written decisions for two patents, finding the

13   '158 and '204 Patents unpatentable.  Docket No. 147 ("Mot. 2") at 1.  Three IPRs are still pending

14   and final written decisions are anticipated by February 2022.  Opp'n 1 at 2.  The '603 Patent is

15   currently subject to *ex parte* reexamination by the USPTO granted on April 19, 2021.  Mot. 1 at 2

16   n.2.  Therefore, only the '602 Patent is not subject to any parallel proceedings by the USPTO.

## II.   LEGAL STANDARD

18       A court has the discretion to lift a stay previously imposed.  The court's power to stay

19   proceedings is incidental to its inherent power to control the disposition of its cases in the interests

20   of efficiency and fairness to the court, counsel, and litigants.  *See Landis v. N. Am. Co.*, 299 U.S.

21   248, 254 (1936).  The decision to grant or lift stays is a case-specific issue, "depending on the

22   circumstances of the particular case."  *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-CV-01586-JST,

23   2017 WL 550211, at *3 (N.D. Cal. Feb. 10, 2017).

24       In determining whether to stay proceedings, the district court "must weigh competing

25   interests and maintain an even balance" between the hardships that would be suffered by the

26   parties if a stay were or were not granted, as well as judicial economy.  *Landis v. N. Am. Co.*, 299

27   U.S. 248, 254 (1936) at 254–55.  When determining whether a stay should be maintained or

28   granted pending the completion of IPR, courts have considered the following factors: "(1) whether

1  discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the
2  issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a
3  clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450
4  F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (citation omitted). A court may also examine the "totality
5  of the circumstances" to determine whether a stay is appropriate. *Netlist, Inc. v. Smart Storage*
6  *Sys, Inc.*, No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014).

7  The same court that grants a stay pending IPR may also later "abandon its imposed stay of
8  litigation if the circumstances that persuaded the court to impose the stay in the first place have
9  changed significantly." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C.
10  2002); *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 212CV02319TLNEFB, 2016 WL 5159524,
11  at *2 (E.D. Cal. Sept. 21, 2016). "When determining whether to either impose a stay or lift an
12  already-imposed stay pending IPR, the court considers the same three factors as the standard for
13  determining whether a Court should impose a stay in the first place." *Pers. Audio LLC v. Google,*
14  *Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017); *see also Smart Modular Techs*, 2016 WL
15  5159524, at *2; *Baxter Healthcare Corp. v. Becton, Dickinson & Co.,* No. 3:17-CV-2186 JLS-
16  RBB, 2021 WL 22553, at *2 (S.D. Cal. Jan. 4, 2021); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-
17  CV-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).

### III.    DISCUSSION

19  Dolby requests administrative leave to file (1) a summary judgment motion and (2) a
20  judgment on pleadings on invalidity, under Civil L.R. section 7–11.[1]

21  In the patent context, granting stays pending parallel proceedings by the USPTO or lifting
22  stays upon their resolution are most common. In this case, Dolby seeks a partial lift of stay for
23  judgment on the pleadings for invalidity matters that are not at issue in the parallel proceedings.
24  Dolby also seeks to file a motion for summary judgment for a patent that is not subject to a
25  parallel proceeding.

---

[1] Intertrust notes that Dolby mislabeled the motions as "administrative" when the motions Dolby seeks to file are not administrative matters. Mot. 2 at 1, n. 2. *See* L.R. 7–11. Here, Dolby moves for administrative relief to file a motion for summary judgment, and is not a motion for summary judgment.

1     Dolby does not provide the legal standard for its motion and merely cites Cal. L.R. 7–11 as

2 its basis for the motion.  Dolby provides five arguments in favor of granting its motions, which is

3 reorganized under the legal framework for evaluating a stay for the purpose of this memo.

4 A.     Stage of Litigation

5     If discovery has not been completed and a trial date has not been set, the first factor weighs

6 against lifting the stay.  *Smart Modular Techs*, 2016 WL 5159524, at *2.  As to discovery, the

7 concern is not so much how much discovery has already occurred as "whether discovery is

8 nearing completion."  *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021

9 WL 857005, at *3 (S.D. Cal. Mar. 8, 2021); *DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, No. 16-

10 CV-1544 JLS (NLS), 2016 WL 9047159, at *2 (S.D. Cal. Oct. 7, 2016) (quoting *Sorensen ex rel.*

11 *Sorensen Research & Dev. Tr. v. Black & Decker Corp.*, No. 06cv1572-BTM (CAB), 2007 WL

12 2696590, at *4 (S.D. Cal. Sept. 10, 2007)).  On the other hand, this factor weighs against

13 maintaining a stay when sufficient discovery has occurred and the case is awaiting trial.  *Compare*

14 *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-CV-01095-RWS, 2018 WL 3656491,

15 at *3 (E.D. Tex. Aug. 1, 2018) (finding the first factor weighed against a stay when the case had

16 completed claim construction, fact and expert discovery, and exchange of pretrial disclosures, and

17 trial was to begin within 3 months), *with Dorman Prod., Inc. v. Paccar, Inc.*, No. CIV.A. 13-6383,

18 2014 WL 2725964, at *3 (E.D. Pa. June 16, 2014) (finding the factor weighed in favor of a stay

19 because there was still 3 months of discovery remaining and the case was not specially listed for

20 trial despite its pending placement in the trial pool).

21     Dolby argues that Intertrust already served its infringement contentions, claim construction

22 has been completed, and substantial discovery has already occurred.  *Id.* at 3.  Intertrust argues that

23 the motions are premature because discovery has not been completed and that the parties have yet

24 to conduct any expert discovery or serve any expert reports.  Docket No. 149 ("Opp'n 2") at 3.

25     Here, while there has been some discovery and claim construction, the case has not

26 progressed so far that it is "nearing completion."  Significant discovery remains, including expert

27 discovery, which constitutes a large portion of discovery in a patent case.  No trial date has been

28 set.  Further, the parties had already agreed to stay the case in April despite the mid-discovery

1    stage. Since then, the state of the litigation is unchanged after the Court issued its order granting
2    the stay. Therefore, the stage of litigation weighs in favor of maintaining the stay.

B.     Prejudice

In assessing prejudice, courts consider "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F.Supp.2d 990, 993–94 (D. Ariz. 2007) (citing *In re Cygnus*, 385 F. Supp. 2d at 1023) (emphasis added). As the request here is to lift the stay partially to permit Dolby to file its proposed motions, the Court considers the prejudice to Dolby if the motion is denied as well as any prejudice if the stay were partially lifted. *See Smart Modular Techs*, 2016 WL 5159524, at *3. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Thus, Intertrust would suffer no undue hardship were the Court to hear Dolby's motions.

Intertrust argues that granting Dolby's request would prejudice Intertrust because it is less than four months away from trial in the Eastern District of Texas that involve the same patents at issue. Opp'n 1 at 1. According to Intertrust, it is prejudicial to "allow[] Dolby to file its motions now, at a time when Intertrust's counsel is busy meeting its expert discovery and pre-trial obligations in Texas. Opp'n 2 at 5. Dolby argues that any claim of prejudice or undue burden stemming from Intertrust's litigation in the Eastern District of Texas against Dolby's customers is entitled to no weight because the parties' stipulation to stay this case did not contemplate Intertrust's parallel litigation in Texas. Mot. 1 at 4. Dolby is correct; Intertrust's pending trial in Texas is irrelevant to finding prejudice *in this case*.

However, Dolby does not provide any argument as to how it would be prejudiced by continuing the stay. Intertrust notes that Dolby waited nearly two years in moving for judgment on the pleadings, which indicates that waiting a few months will not prejudice Dolby. *Id.*

Therefore, neither party articulates how maintaining the stay presents a clear disadvantage to either party. "[C]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *Smart Modular*

5

1   *Techs.*, 2016 WL 5159524, at *3; *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV

2   14-01153-VAP, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015) ("The general prejudice of

3   having to wait for resolution is not a persuasive reason to deny the motion for stay.").

4   C.   Simplification of the Issues and Trial of the Case

5       1.   Dolby's Motion for Administrative Relief to File a Motion for Judgment on the

6           Pleadings of Invalidity under 35 U.S.C. § 101 for the '721, '304, '158, '106, '627

7           and '603 Patents

8   Dolby notes that eligibility under § 101 will not be addressed, as IPRs are limited to

9   challenges based on anticipation or obviousness over prior art. Mot. 2 at 3. Invalidity under § 101

10  also has not been raised in the pending reexamination of the '603 Patent. *Id.* Therefore, Dolby

11  argues there is good cause for granting its motion to resolve the § 101 issues.

12  "One purpose of the reexamination procedure is to eliminate trial of that issue (when the

13  claim is canceled) or facilitate trial of that issue by providing the district court with the expert

14  view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser

15  Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). In this district, "there is a liberal policy in favor of

16  granting motions to stay proceedings pending the outcome of reexamination or reissuance

17  proceedings." *ASCII Corp. v. STD Entm't USA*, C–93–3415 VRW, 844 F.Supp. 1378, 1381

18  (N.D.Cal.1994).

19  While Dolby is correct that eligibility under § 101 will not be addressed by the PTAB, a

20  finding of invalidity by the PTAB will obviate resolution of § 101 validity, this factor favors

21  maintaining the stay to permit the PTAB proceedings to play out.

22      2.   Dolby's Motion for Administrative Relief to File a Motion for Summary Judgment

23          of Non-Infringement for the '602 Patent

24  Dolby argues that the '602 Patent is unrelated to the other Patents at issue and therefore

25  would not be affected by their IPR or reexamination results, and that filing the motion would

26  efficiently dispose of all claims regarding the '602 Patent.

27  Courts have denied a full stay when only a few of the patents at issue were subject to IPR

28  review. *Sound View Innovations, LLC v. Hulu, LLC*, No. LACV1704146JAKPLAX, 2018 WL

6038289, at *3 (C.D. Cal. July 11, 2018) (granting a partial stay instead of a full stay because only half the patents were subject to IPR proceedings while the other half were pending PTAB's decision on whether to institute IPR proceedings).

However, the fact that some patents are not subject to IPR proceedings does not require the district court to partially lift the stay in regards to those patents. In *Murata*, the Federal Circuit affirmed a district court's decision to deny both a motion to lift stay for patents not subject to IPR proceedings and motion for preliminary injunction for those patents. The district court had stayed the entire infringement litigation involving five patents in light of pending IPR for three of the patents. *Murata Mach. USA, Inc. v. Daifuku Co.*, No. 2:13CV866 DAK, 2015 WL 5178456, at *1 (D. Utah Sept. 4, 2015). The plaintiff moved to lift the stay only as to the two patents not pending IPR review, arguing that good cause exists to lift the stay because they were not subject to any IPR proceedings. *Id.* The district court declined to partially lift the stay because the three factors that initially favored the stay continued to exist, "especially conservation of judicial and party resources . . . [which] will allow all related patent issues to be heard in the same action, at the same time, without the need for largely duplicative pleadings and discovery." *Id.* The case noted that a number of courts have stayed an entire case where PTO proceedings have been instituted only to some of the patents if the stay would eliminate duplicative discovery and avoid having to spend the "time and expense of educating a judge and jury twice on similar technology." *Id.* (quoting *Sonics, Inc. v. Arteris, Inc.*, C 11–05311 SBA, 2013 WL 503091, at *3 (N.D. Cal. Feb. 8, 2013)).

The Federal Circuit, in affirming the district court decision, reasoned that "[a]ttendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test. The burden litigation places on the court and the parties when IPR proceedings loom, is one such consideration that district courts may rightfully choose to weigh." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).

While the '602 Patent claims themselves are unlikely to be simplified by the PTAB's ruling on the other patents, it concerns similar patent matters as the other six patents pending IPR

7

1 review or reexamination. For the reasons stated in *Murata Mach. USA*, the interests of
2 "conservation of judicial resources and party resources" favor maintaining a complete stay. 2015
3 WL 5178456, at *1.

4 D. <u>Totality of Circumstances</u>

5 Finally, Intertrust argues that Dolby failed to "demonstrate a significant change that
6 justifies lifting the stay." Mot. at 3–4 (quoting *U.S. v. Fallbrook Public Utility District*, 2017 WL
7 1281915 (C.D. Cal. April 6, 2017). A court may lift the stay when "circumstances have changed
8 such that the court's reasons for imposing the stay no longer exist or are inappropriate." *See*
9 *Canady v. Erbe Elektromedizin GMBH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002); *Whitewater West*
10 *Industries, LTD. v. Pacific Surg Designs, Inc. and Flow Services*, 2017 WL 7048413 (S.D. Cal.)
11 (citing *Leya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)). Here,
12 the circumstances under which the Court granted the stay have not changed significantly. *Akeena*
13 *Solar Inc. v. Zep Solar Inc.*, No. C 09-05040 JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7,
14 2011) ("[The] litigation is still in its early stages, and the pending reexamination request may
15 eliminate the need for trial. Thus lifting the stay would be premature, because the circumstances
16 that led this Court to grant the stay have not changed significantly.").

### IV. <u>CONCLUSION</u>

18 For the foregoing reasons, the Court **DENIES** both Dolby's Motion for Administrative
19 Relief to File a Motion for Summary Judgment of Non-Infringement for the '602 Patent and
20 Motion for Administrative Relief to File a Motion for Judgment on the Pleadings of Invalidity
21 under 35 U.S.C. § 101 for the '721, '304, '158, '106, '627 and '603 Patents.
22 This order disposes of Docket Nos. 146 and 147.

24 **IT IS SO ORDERED**.

26 Dated: November 16, 2021

_____
EDWARD M. CHEN
United States District Judge