| | |
|---|---|
| Mark D. Rowland (CSB # 157862) | William C. Price (Bar No. 108542) |
| Stepan Starchenko (CSB # 318606) | williamprice@quinnemanuel.com |
| **ROPES & GRAY LLP** | Tigran Guledjian (Bar No. 207613) |
| 1900 University Ave. Sixth Floor | tigranguledjian@quinnemanuel.com |
| East Palo Alto, CA 94303-2284 | Rachael L. McCracken (Bar No. 252660) |
| Tel: (650) 617-4000 | rachaelmccracken@quinnemanuel.com |
| Fax: (650) 617-4090 | Jordan B. Kaericher (Bar No. 265953) |
| mark.rowland@ropesgray.com | jordankaericher@quinnemanuel.com |
| stepan.starchenko@ropesgray.com | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| Leslie M. Spencer (*pro hac vice*) | 865 South Figueroa Street, 10th Floor |
| DESMARAIS LLP | Los Angeles, California 90017-2543 |
| 230 Park Avenue | Telephone:   (213) 443-3000 |
| New York, NY 10169 | Facsimile:   (213) 443-3100 |
| Tel.: (212) 351-3400 | |
| Fax: (212) 351-3401 | *Attorneys for Defendant/Counterclaimant* |
| lspencer@desmaraisllp.com | INTERTRUST TECHNOLOGIES CORPORATION |

*Attorneys for Plaintiff/Counter-Defendant*
DOLBY LABORATORIES, INC.

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOLBY LABORATORIES, INC., | Case No. 3:19-cv-03371-EMC |
| Plaintiff and Counterclaim-Defendant, | **JOINT STATUS REPORT** |
| v. | |
| INTERTRUST TECHNOLOGIES CORPORATION, | |
| Defendant and Counterclaim-Plaintiff. | |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, this Court's Civil Standing Order – General, and this Court's April 14, 2021 Order (Dkt. No. 143), Plaintiff Dolby Laboratories, Inc. (hereafter "Plaintiff" or "Dolby") and Defendant Intertrust Technologies Corporation (hereafter "Defendant" or "Intertrust"), respectfully submit this Joint Status Report.

## I. CASE STATUS

On November 27, 2019, Dolby filed a second amended complaint in this action seeking declaratory judgment of non-infringement with respect to ten Intertrust patents. On December 11, 2019, Intertrust filed its Answer, Affirmative Defenses, and Counterclaims in response to Dolby's second amended complaint, alleging infringement by Dolby. On January 8, 2020, Dolby filed its Answer to Intertrust's counterclaims for patent infringement. The Court ordered the parties to engage in private mediation by August 15, 2020, which the parties conducted, but they were unable to reach resolution of their dispute. The Court also set a Case Management and Pretrial Order for Claims Construction (Dkt. No. 73.), which it later modified in the Joint Stipulation and Order Regrading Claim Terms & Claim Construction Schedule. (Dkt. No. 101.) The parties engaged in the claim construction process and a claim construction hearing was held on November 3, 2020. The Court's Claim Construction Order issued on February 3, 2021. (Dkt. No. 139.)

On April 13, 2021, the Parties reached agreement to narrow disputes between them, including by narrowing the scope of the case to select claims from seven asserted patents and otherwise staying the case pending resolution of certain *Inter Partes* Review proceedings on the asserted patents filed by Dolby with the Patent Trial and Appeal Board ("PTAB"). (Dkt. No. 142.) The Court entered the Joint Stipulation and Order staying the case on April 14, 2021. (Dkt. No. 143.) The PTAB issued its last final written decision on Intertrust's asserted patents on February 1, 2022, and pursuant to the Court's Order (*id.*), the stay expired at that time. The Parties were directed to file this Status Report within one month of expiration of the stay. (*Id.*)

Following the Parties' agreement to narrow the scope of the case and the PTAB's finding unpatentable all asserted claims from five of the seven asserted patents, the only claims remaining in this case not subject to a PTAB final written decision of invalidity are: claims 25 and 62 of U.S. Patent No. 7,340,602 (the "'602 Patent") and claims 1 and 2 of U.S. Patent No. 7,406,603 (the "'603 Patent"). There is also currently pending an *ex parte* reexamination of the '603 patent by the PTO. The asserted claims of this patent have been rejected in a final office action in that proceeding. Intertrust is in the process of appealing the final office action to the PTAB. In addition, Intertrust intends to appeal the final written decision applicable to U.S. Patent No. 8,931,106 (the "'106

Patent'") to the United States Court of Appeal for the Federal Circuit. A notice of appeal has not yet been filed in either proceeding. Assuming Intertrust timely files its first response on or before March 7, 2022 to the final Office Action of the reexamination proceedings of the '603 patent, Intertrust has until the end of May 5, 2022 to file its notice of appeal of the final office action. Intertrust has until the end of April 5, 2022 to file its notice of appeal of the PTAB's final written decision applicable to the '106 patent. Dolby believes the timing of any such appeal is uncertain, and has no bearing on the completion of discovery in this case.

### A.   Discovery

Pursuant to Patent Local Rules, and the Court's Case Management and Pretrial Order for Claims Construction (Dkt. 73), the parties have exchanged infringement and invalidity contentions, as well as Patent L.R. 3-8 and 3-9 damages contentions. In addition, Dolby has served a first set of requests for production and interrogatories; Intertrust has served a first set of requests for production, but no interrogatories.

Prior to the stay, Dolby had substantially completed its production of documents and source code in this case, and because Intertrust also had done so in the related Eastern District of Texas case, Intertrust does not believe that Dolby has substantially completed its production of documents. Although Dolby had requested that Intertrust amend its infringement contentions to "identify[] specifically where each limitation of each asserted claim is found within each Accused Instrumentality," as required by P.L.R. 3-1(c), Dolby does not believe that new discovery will be necessary for such amendment.

Intertrust also intends to request that Dolby amend its invalidity contentions. Intertrust believes that new discovery requests and discovery will be necessary to address any revised contentions. Dolby does not believe that new discovery requests will be necessary or that substantial discovery remains in this case. Accordingly, Dolby believes that fact discovery in this case can be completed within 60 days.

Intertrust also believes that substantial discovery remains in this case.

### B.   Claim Construction

The Court issued its Claim Construction Order on February 3, 2021. (Dkt. No. 139.)

### C. Motions

No motions are currently pending in this action. The parties expect that one or more dispositive or procedural motions may be filed, in addition to discovery and pre-trial motions *in limine*, should they become necessary. At minimum, Dolby expects to file a Motion For Summary Judgment of Non-Infringement of U.S. Patent. No. 7,304,602, similar to Exhibit A to its prior Motion For Administrative Relief, filed October 14, 2021. (Dkt. No. 146.) The theater defendants in the Eastern District of Texas case also filed a motion for summary judgment of non-infringement of the '602 patent with respect to their accused activities, which Judge Gilstrap denied orally at a pretrial conference, without written decision. Intertrust had argued in part that the theater defendants waived grounds upon which they relied in their motion. Judge Gilstrap's denial was based only in part on the waived grounds. Judge Gilstrap indicated that he would issue a written opinion in due course. It is unclear if such an opinion will issue. The arguments presented by the parties and Judge Gilstrap's opinion and ruling are available in the transcript of those proceedings.

### D. Status of Pleadings

The parties have pled claims, defenses, and counterclaims, as set forth in Dolby's Second Amended Complaint for Declaratory Judgment of Non-Infringement (Dkt. No. 61), Intertrust's Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 63), and Dolby's Answer to Intertrust's Counterclaim for Patent Infringement (Dkt. No. 66).

### E. Settlement

As detailed below, on February 10, 2022, Intertrust and the Texas theater defendants informed the Court for the Eastern District of Texas that they had reached an agreement that resolves all matters in those related cases in the Eastern District of Texas. That settlement also addresses Intertrust's allegations against Dolby with respect to those theaters. Dolby disputes that it has any liability with respect to those theaters or otherwise. Intertrust believes that the Texas cases resolve only a portion of Dolby's potential liability. Intertrust believes additional discovery is necessary to identify the amount of Dolby's remaining liability in this case.

Dolby and Intertrust have had settlement negotiations at various times recently and are in active negotiations that may resolve this case during the next 14 days.

### F. Trial

Both parties have demanded a jury trial and presently anticipate needing 6 court days for that trial.

## II. INTERTRUST'S RELATED LITIGATION

On August 7, 2019, Intertrust filed three cases against Dolby's customers in the United States District Court for the Eastern District of Texas: *Intertrust Technologies Corporation v. AMC Entertainment Holdings, Inc.*, Case No. 2:19-cv-00265; *Intertrust Technologies Corporation v. Cinemark Holdings, Inc.*, Case No. 2:19-cv-00266 (Lead Case); *Intertrust Technologies Corporation v. Regal Entertainment Group*, Case No. 2:19-cv-00267. Those cases are now dismissed or stayed pending settlement, as follows:

- On November 30, 2021, Intertrust and Regal Entertainment Group filed a Stipulation of Dismissal following a joint motion to stay all deadlines pending settlement.
- On February 14, 2022, Judge Gilstrap of the Eastern District of Texas issued an Order granting a February 10, 2022, Joint Motion to Stay All Deadlines and Notice of Settlement by the remaining parties. These cases are stayed until approximately March 14, 2022, during which time the parties are to finalize their formal settlement agreement and dismiss the cases.

## III. SCHEDULING

The parties request an initial post-stay status conference with the Court as soon as possible after March 14, 2022, to address the scope of discovery remaining in the case in view of the remaining set of asserted claims.

### A. Dolby's Position

In accordance with the parties' prior Joint Case Management Conference Statement (Dkt. 71), Dolby proposes the following schedule dates for fact discovery cutoff, expert disclosures, dispositive motions, pretrial conference and trial. Delay in setting a schedule will not promote settlement. In the event that the parties reach an agreement in principle to settle, they can notify the

Court at that time, and jointly request a temporary stay to finalize a formal settlement agreement, as has occurred in the Eastern district of Texas.

| EVENT | Proposed Date |
|---|---|
| Deadline to Complete Fact Discovery | 60 days after the Court's Status Conference |
| Disclosures for Expert Witnesses by the Party with the Burden of Proof | 30 days after Close of Fact Discovery |
| Disclosures for Rebuttal Expert Witnesses | 30 days after Initial Expert Reports |
| Deadline to Complete Expert Discovery | 21 days after Rebuttal Expert Reports |
| Last Day to file *Daubert* Motions | 30 days after Close of Expert Discovery |
| Last Day to file Dispositive Motions | 45 days after Close of Expert Discovery |
| File Oppositions to *Daubert* Motions | 30 days after deadline for *Daubert* Motions |
| File Oppositions to Dispositive Motions | 30 days after deadline for Dispositive Motions |
| File Reply to *Daubert* Motions | 14 days after deadline for Oppositions to *Daubert* Motions |
| File Reply to Dispositive Motions | 14 days after deadline for Oppositions to Dispositive Motions |
| Hearing on *Daubert* and Dispositive Motions, subject to the Court's discretion | 14 days after deadline for Reply to Dispositive Motions |
| Meet and confer regarding preparation of joint pretrial conference statement, preparation and exchange of pretrial materials, and settlement of the action. | 45 days before Pretrial Conference Statement |
| Motions *in limine* to be served | 35 days before Final Pretrial Conference |
| Oppositions to motions *in limine* | 25 days before Final Pretrial Conference |
| File motions *in limine* and oppositions | 21 days before Final Pretrial Conference |
| Deadline to file joint pretrial statement and pretrial materials (including joint proposed jury instructions; joint proposed verdict form; and trial brief) | 21 days before Final Pretrial Conference |
| Final Pretrial Conference | $\leq$ 28 days before Trial, subject to the Court's calendar |

| EVENT | Proposed Date |
|---|---|
| Trial | ≤ October 25, 2022, subject to the Court's calendar |

### B. Intertrust's Position

Intertrust does not agree with Dolby's proposed schedule and believes that an additional 180 days are needed to complete discovery. Intertrust proposes that before the Court sets a case schedule, the Court set a date by which the parties are to try to reach a compromise that resolves their dispute. Specifically, Intertrust proposes that the parties attempt to resolve their dispute through private negotiation by April 11, 2022. Intertrust believe that the likelihood of a settlement during the next 14 days suggests that spending the parties' time and the court's time in setting a schedule should wait until it seems more likely that such a schedule will be needed. Thereafter, the parties should propose a schedule for the remainder of the case.

Respectfully submitted,

Date: March 1, 2022         By: /s/ Mark D. Rowland

    Mark D. Rowland (CSB # 157862)
    Stepan Starchenko (CSB# 318606)
    **ROPES & GRAY LLP**
    1900 University Ave. Sixth Floor
    East Palo Alto, CA 94303-2284
    Tel: (650) 617-4000
    Fax: (650) 617-4090
    mark.rowland@ropesgray.com
    stepan.starchenko@ropesgray.com

    Leslie M. Spencer (*pro hac vice*)
    **DESMARAIS LLP**
    230 Park Avenue
    New York, New York 10169
    Tel. (212) 351-3400
    Fax: (212) 351-3401
    lspencer@desmaraisllp.com

    Yong Wang (CSB # 326534)
    **DESMARAIS LLP**
    101 California Avenue
    San Francisco, CA 94111

Tel. (415) 573-1900
Fax: (415) 573-1901
lwang@desmaraisllp.com

Josef B. Schenker (*pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, New York 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
josef.schenker@ropesgray.com

*Attorneys for Plaintiff/Counterclaim-Defendant*
DOLBY LABORATORIES, INC.

Date: March 1, 2022                    By: */s/ Tigran Guledjian*

William C. Price (Bar No. 108542)
williamprice@quinnemanuel.com
Tigran Guledjian (Bar No. 207613)
tigranguledjian@quinnemanuel.com
Rachael L. McCracken (Bar No. 252660)
rachaelmccracken@quinnemanuel.com
Jordan B. Kaericher (Bar No. 265953)
jordankaericher@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant/Counterclaim-Plaintiff*
INTERTRUST TECHNOLOGIES CORPORATION

**ATTESTATION**

I, Mark D. Rowland, am the ECF user whose identification and password are being used to file this Joint Status Report. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories to this document have concurred in this filing.

DATED: March 1, 2022

                                                 */s/ Mark D. Rowland*
                                                 Mark D. Rowland

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF.

DATED: March 1, 2022

                                                 */s/ Mark D. Rowland*
                                                 Mark D. Rowland